**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**UNITED STATES OF AMERICA,**                    **CASE NO.  25-CR-20065-CMA-7**

        **Plaintiff,**

**vs.**

**ALBERTO TUMBACO-GOMEZ,**

        **Defendant.**

_____/

### DEFENDANT, ALBERTO TUMBACO-GOMEZ' OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

    **COMES NOW** the Defendant, **ALBERTO TUMBACO-GOMEZ**, by and through his undersigned counsel, and presents herewith, his Objections to the Presentence Investigation Report ("PSR") [D.E. 124], and states as follows:

    1.    **Objection to Paragraph 14: "Role Assessment"**

    The Defendant objects to paragraph 14 of the PSR insofar as it states, "For their participation, neither an aggravating nor a mitigating role adjustment is recommended for any of the defendants."

    Specifically, it is respectfully submitted that **ALBERTO TUMBACO-GOMEZ** qualifies for a four (4) level minimal role adjustment especially in light of the § 3B1.2 guideline amendments applicable to drug couriers which are to take effect on November 1, 2025.  (At a minimum, the Defendant should receive a two (2) level minor role reduction.)

    U.S.S.G. §3B1.2 Application Note 3(A) states that: "a defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to transporting or storing drugs and who is accountable under §1B1.3 only for the quantity of drugs the defendant personally transported or stored may receive an adjustment under this guideline."

Please note that the Defendant's entitlement to a minimal role reduction is discussed in greater detail below in the Objection to Paragraph 23 of the Presentence investigation Report.

2. **<u>Objection to Paragraph 17</u>: "Adjustment for Obstruction of Justice"**

The Defendant objects to paragraph 17 of the PSR insofar as it states: "Pursuant to § 3C1.2, the defendants recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, therefore, a two-level increase pursuant to § 3C1.2, is warranted."

Specifically, there is no evidence whatsoever that this Defendant captained, controlled, piloted, or operated the vessel, and created a substantial risk of death or serious bodily injury to another person.  Therefore, the two (2) level increase pursuant to U.S.S.G. § 3C1.2, is unwarranted in this instance.

Probation argues the reckless endangerment enhancement should apply because "law enforcement signaled [the go-fast vessel] to stop and discharged warning shots. The GFV refused to stop causing the USCF to employ disabling fire which was effective."

The enhancement does not apply to Mr. Tumbaco-Gomez for two reasons. First, there is nothing indicating that Mr. Tumbaco-Gomez was involved in the vessel's failure to stop. The Sentencing Guidelines make clear that the reckless endangerment enhancement applies only if "*the defendant* recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing..." USSG § 3C1.2 (emphasis added).  Should there be any ambiguity about the text of the guideline itself, the Application Notes in the Commentary specify that "[u]nder this section, the defendant is accountable for the defendant's own conduct and for conduct that the defendant aided or abetted, counseled, commanded, induced, procured, or willfully caused." USSG § 3C1.2, comment. (n.5). "[A] defendant cannot be held responsible for another's conduct under § 3C1.2 without some form of direct or active participation." *United States v. Dougherty*, 754 F.3d

1353, 1360 (11th Cir. 2014). The enhancement requires that the defendant "recklessly create[] a substantial risk of death or serious bodily injury to another person." *United States v. Wilson*, 392 F.3d 1243, 1247 (11th Cir. 2004).

Here, nothing indicates that Mr. Tumbaco-Gomez had any involvement in the vessel's failure to stop—there is nothing to indicate that he was the captain, was driving the vessel, or was otherwise in control of the vessel. As a result, he cannot be held responsible for the vessel's failure to stop.

Additionally, the Eleventh Circuit has clarified that "[i]t is obvious from the text of section 3C1.2 that flight alone is insufficient to warrant an enhancement under this section." *Wilson*, 392 F.3d at 1247. That the officers decided to use disabling fire because the vessel did not stop does not warrant the application of USSG § 3C1.2: "[i]t is the defendant's conduct, not that of the pursuing officers, which must recklessly create the substantial risk of death or serious bodily injury to others." *Id*

3. <u>**Objection to Paragraph 20**</u>: **Offense Level Computation "Base Offense Level"**

The Defendant objects to paragraph 20 of the PSR insofar as it states: "The guideline for a 46 U.S.C. § 70506(b) offense is found in § 2D1.1, by way of § 2X5.1 of the Guidelines Manual. The defendant is accountable for 2,920 kilograms of cocaine. An offense involving 450 kilograms or more of cocaine has a base offense level of 38, § 2D1.1(a)(5),(c)(1)."

Specifically, inasmuch as the Defendant qualifies for a mitigating role adjustment under §3B1.2(a), especially in light of the guideline amendments for drug couriers which are to take effect on November 1, 2025, the base offense level should be computed under the amended U.S.S.G. §2D1.1(a)(5)(iii), which reads in-part: "if (A) the defendant receives an adjustment under §3B1.2 (Mitigating Role); and (B) the base offense level under subsection (c) is … (iii) above level

3

34, decrease to level 32." Therefore, the Defendant's base offense level becomes **32**, rather than 38.

4.      **Objection to Paragraph 21:    "Specific Offense Characteristics"**

The Defendant objects to paragraph 21 of the PSR insofar as it states that there should be no adjustment for the Specific Offense Characteristics, specifically a two (2) level *safety-valve reduction* pursuant to U.S.S.G. §2D1.1(b)(18).

The Defendant will be furnishing his safety valve statement shortly and therefore will be entitled to the two (2) level reduction provided for in U.S.S.G. §2D1.1(b)(18) and the benefits provided for in U.S.S.G. §5C1.2(a).  Therefore, the two (2) level safety-valve reduction provided for in U.S.S.G. §2D1.1(b)(18) should be applied in this sentence computation.

5.      **Objection to Paragraph 23:    "Adjustment for Role in the Offense"**

The Defendant objects to paragraph 23 of the PSR insofar as it states that there should be no adjustment for his role in the offense.

As noted above, it is submitted that Alberto Tumbaco-Gomez qualifies for a four (4) level minimal role adjustment especially in light of the § 3B1.2 guideline amendments applicable to drug couriers which are to take effect on November 1, 2025.  U.S.S.G. §3B1.2 Application Note 3(A) states that: "a defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to transporting or storing drugs and who is accountable under §1B1.3 only for the quantity of drugs the defendant personally transported or stored may receive an adjustment under this guideline."  Therefore, the Defendant should receive a four (4) level minimal role reduction.

Mr. Tumbaco-Gomez is at least entitled to a two-level minor role reduction in this case. The facts demonstrate that his role in the offense is minor if not minimal. *See* USSG §3B1.2, comment. n. (3.C).  Mr. Tumbaco-Gomez had no decision-making power in this venture; had no

4

property interest in the drugs, and his pay was minimal compared to the value of the drugs transported. Mr. Tumbaco-Gomez' lack of participation in the planning or organizing of the criminal activity, his limited knowledge of the scope and structure of the enterprise, and his limited conduct as a courier are all indicative of his mitigating role in the offense.

As couriers, Mr. Tumbaco-Gomez and his co-defendants were on the lowest level of the drug-trafficking operation in this venture.  Accordingly, at a minimum Mr. Tumbaco-Gomez is entitled to a two-point reduction for minor role. *See* USSG § 3B1.2, comment. n.3 ("A defendant who is accountable under § 1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved and who performs a limited function in the criminal activity may receive an adjustment under this guideline.  For example, a defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to transporting or storing drugs and who is accountable under §1B1.3 only for the quantity of drugs the defendant personally transported or stored may receive an adjustment under this guideline."

It is respectfully submitted that the 2025 Amendments to the Sentencing Guidelines ("2025 Amendments"), demonstrate even more clearly that Mr. Tumbaco-Gomez is entitled to a mitigating role reduction.

The Sentencing Commission has now clarified how the Mitigating Role Guideline, USSG § 3B1.2, should apply in drug offenses. The Commission did so specifically "to address the inconsistent application of § 3B1.2 in § 2D1.1 cases and to encourage broader use of § 3B1.2 in these cases." Amendments to the Sentencing Guidelines, U.S. Sentencing Commission (April 30, 2025), available at: https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendlyamendments/202405_RF.pdf at 10.

The Sentencing Commission amended USSG § 2D1.1(e) to add the following text: "[i]n addition to the circumstances identified in §3B1.2, an adjustment under

5

§ 3B1.2 is generally warranted if the defendant's primary function in the offense was performing a low-level trafficking function." USSG § 2D1.1(e)(2) (effective November 1, 2025), available at https://www.ussc.gov/sites/default/files/pdf/amendmentprocess/reader-friendly-amendments/202505_RF.pdf.  "An adjustment under § 3B1.2(a) is generally warranted if the defendant's primary function in the offense was plainly among the lowest level of drug trafficking functions, such as serving as a courier[.]" *Id.*  In other words*,* the 2025 Amendments now state that defendants involved in low-level trafficking functions, such as serving as a courier, are entitled to a four-point reduction.  In this case, Mr. Tumbaco-Gomez is entitled to at least a two-level, if not a four-point mitigating role reduction, based on his role as one of several couriers for the drugs.

6.   **Objection to Paragraph 24**:   **Offense Level Computation
"Adjustment for Obstruction of Justice"**

The Defendant objects to paragraph 24 of the PSR insofar as it states: "The defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer; therefore, two levels are added, § 3C1.2."

Specifically, there is no evidence whatsoever that this Defendant captained, controlled, piloted, or operated the vessel, and created a substantial risk of death or serious bodily injury to another person.  Therefore, the two (2) level increase pursuant to U.S.S.G. § 3C1.2, is unwarranted in this instance.  (The Defendant realleges, reavers, and incorporates by reference the objection to Paragraph 17 of the Presentence investigation Report set forth above.)

7.   **Objection to Paragraph 25: "Adjusted Offense Level"**

The Defendant objects to paragraph 25 of the PSR with regard to the assertion that the *adjusted offense level* should be 40.

Specifically, when the base offense level is adjusted to read 32 pursuant to the amended U.S.S.G. §2D1.1(a)(5)(iii), and the four (4) level minimal role reduction pursuant to U.S.S.G. §3B1.2(a) is applied, and the two (2) level safety-valve reduction pursuant to U.S.S.G. §2D1.1(b)(18) is applied, and the two (2) level obstruction enhancement is removed, the *adjusted offense level should read 26*, rather than 40.

8.     **Objection to Paragraph 29: "Total Offense Level"**

The Defendant objects to paragraph 29 of the PSR with regard to the assertion that the *total offense level* should be 35.

Specifically, when the base offense level is adjusted to read 32 pursuant to the amended U.S.S.G. §2D1.1(a)(5)(iii), and the four (4) level minimal role reduction pursuant to U.S.S.G. §3B1.2(a) is applied, and the two (2) level safety-valve reduction pursuant to U.S.S.G. §2D1.1(b)(18) is applied, and the two (2) level obstruction enhancement is removed, and three (3) levels are deducted for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b), and two (2) levels are deducted for zero criminal history points, the *total offense level should read 21*, rather than 35.

9.     **Objection to Paragraphs 61 and 62: "Sentencing Options - Guideline Provisions"**

The Defendant objects to paragraph 61 of the PSR inasmuch as it reads, "The minimum term of imprisonment is ten years and the maximum term is life, 46 U.S.C. § 70506(a) and 21 U.S.C. § 960(b)(1)(B)(ii)." Inasmuch as the safety-valve provisions should apply, the ten (10) year minimum sentence should not apply.

The Defendant objects to paragraph 62 of the PSR inasmuch as it reads, "Guideline Provisions: Based upon a total offense level of 35 and a criminal history category of I, the guideline imprisonment range is 168 months to 210 months."

It is respectfully submitted that the appropriate advisory guidelines sentence range should read as follows: Based on a *total offense level of 21* and a criminal history category of I, the *advisory guideline imprisonment range* is **37 to 46 months**, before the application of any applicable downward departures and/or variances that the Court may deem appropriate.

### SENTENCING GUIDELINES COMPUTATIONS UNDER
### 2024 GUIDELINES AND 2025 GUIDELINES:

**2024 Guidelines:**

Base Offense Level (§ 2D1.1(a)(5)): 34
Minor Role: -2
Safety Valve: -2
Adjusted Offense Level: 30
Acceptance of Responsibility: -3
Zero Criminal History Points: -2
Total Offense Level: 25
Criminal History Category: I
Sentencing Guideline Range: 57-71 months

**2025 Guidelines:**

Base Offense Level (§ 2D1.1(a)(5)): 32
Minimal Role: -4
Safety Valve: -2
Adjusted Offense Level: 26
Acceptance of Responsibility: -3
Zero Criminal History Points: -2
Total Offense Level: 21
Criminal History Category: I
Sentencing Guideline Range: 37-46 months

10. **Objection to Paragraph 71: "Part E. Factors That May Warrant Departure and/or Variance"**

The Defendant objects to paragraph 71 of the PSR with regard to the assertion that, "The probation officer has not identified any factors that may warrant a departure and/or variance."

In this regard, it should be noted that Mr. Tumbaco-Gomez is merely twenty-six (26) years of age; has no criminal history whatsoever, and is the father of a two-year old daughter who prior

8

to his arrest would visit weekly and provide financial support. (A sentencing memorandum/motion for downward variance will be filed on behalf of Mr. Tumbaco-Gomez.)

**WHEREFORE**, the Defendant, **ALBERTO TUMBACO-GOMEZ,** respectfully prays that this Honorable Court sustain the within objections to the Presentence Investigation Report and direct the United States Probation Office to amend the Presentence Investigation Report as requested herein.

Respectfully submitted,

ANA M. DAVIDE  (Florida Bar No. 875996)
ANA M. DAVIDE, P.A.
420 South Dixie Highway, Suite 4B
Coral Gables, Florida 33146
Tele: (305) 854-6100 / Fax: (305) 854-6197
E-mail: ana@anadavidelaw.com
(Counsel for Def., *Alberto Tumbaco-Gomez.*)

*/s/ Ana M. Davide*
Ana M. Davide, Esq.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11th day of August, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

ANA M. DAVIDE  (Florida Bar No. 875996)
ANA M. DAVIDE, P.A.
420 South Dixie Highway, Suite 4B
Coral Gables, Florida 33146
Tele: (305) 854-6100 / Fax: (305) 854-6197
E-mail: ana@anadavidelaw.com
(Counsel for Def., *Alberto Tumbaco-Gomez.*)
*/s/ Ana M. Davide*
Ana M. Davide, Esq.