UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:25-CR-20065-ALTONAGA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

IVAN CASTANEDA-RAMIREZ,

        Defendant.

_____/

## DEFENDANT IVAN CASTANEDA-RAMIREZ'S SENTENCING MEMORANDUM

COMES NOW, defendant Ivan Castaneda-Ramirez, by and through his undersigned CJA counsel, Sarah Maya, Esq., pursuant to U.S.S.G. § 6A1.2-3 and 18 U.S.C. § 3353(a), and respectfully files this sentencing memorandum, incorporating the filed Objections to the Presentence Investigation Report (DE 136) and requests that the Court grant the filed objections or in the alternative apply the arguments as a variance and sentence the Defendant to the statutory mandatory minimum.

**INTRODUCTION**

Ivan Castaneda-Ramirez (Ivan), is a 35 year old citizen of Mexico. He will appear before this Honorable Court for sentencing on August 25, 2025 extremely remorseful for the decisions he made that brought him before this Court. Ivan entered a timely guilty plea and has accepted responsibility for his actions. We request that the Court grant our Objections to the Presentence Investigation Report (DE 136), and, along with Ivan's personal history and characteristics, sentence him to the statutory mandatory minimum 10 years imprisonment, a sentence that is above his adjusted guideline range and is sufficient, but not greater than necessary to achieve the purposes of sentencing as outlined in 18 U.S.C. § 3353(a).

1

**ROLE ASSESSMENT**

As stated in the Objections to the Presentence Investigation Report (DE 136), Ivan should receive a four-point mitigating role adjustment for his minimal role as a drug courier, pursuant to United States v. Maciel, 205 WL 1822905 (S.D. Cal. 2025) and the 2025 guideline amendments to §3B1.2 and §2D1.1.

According to §3B1.2 application notes, a fact based determination, analyzing the totality of the circumstances on an individualized basis determines whether a defendant qualifies for a mitigating role. Using this analysis, Ivan's role in this offense was minimal. He acted at the direction of others, lacked decision-making authority, and did not participate in the planning or organization of the venture. He played no role in deciding what drugs to sell, to whom or the sale price. He had no property interest in the drugs and most likely had no true appreciation of their value. Ivan did not acquire the drugs or vessel they were being transported on. Ivan's understanding of the scope and structure of the criminal activity was confined to the boat he rode on with his nine codefendants—a boat that was prepacked with an unknown-to-him quantity of drugs. His responsibility was to be on that boat that was moving drugs from point A to point B. That function in this enterprise is considered a low-level trafficking function and is defined as a drug courier. Ivan was a disposable object of blame to the organizers of this venture.

Under the 2015 guideline amendments to mitigating role, the above factual analysis would classify Ivan as a minimal participant, receiving a four-level reduction. The 2025 guideline amendments go one step further in their analysis to more specifically define the role Ivan played in this venture as a drug courier. The sentencing commission applied this more specific designation to delineate the need for more equitable and frequent application of the role reductions across the board. The intent in passing this guideline amendment was to expand who qualifies for a mitigating role, irrespective of the quantity of drugs. The commissioners recognized that drug couriers, like Ivan and his codefendants, should not receive higher sentences simply for acting as a transport. (See United

2

States v. Maciel, 205 WL 1822905 (S.D. Cal. 2025) "The purpose behind the amendment is for courts to more frequently apply adjustments under §3B1.2(a) minimal role and grant defendants who are only couriers a 4-level reduction.")

Although the guideline amendments are due to take effect on November 1, 2025, the sentencing commission released the final amendments April 30, 2025, well in advance of their effective date. There is no indication that the amendments will be modified or changed prior to the enactment date. One can assume the commission's intention in releasing this information so far in advance of their enactment is not just to notify all parties, but to promote a general understanding and familiarity with their application and to promote the changes in advance of their effective date. Because these guidelines are not currently in effect, the above noted reductions should be handled in the form of a variance.

**OBSTRUCTION OF JUSTICE**

As stated in the Objections to the Presentence Investigation Report (DE 136), Ivan was not obstructing justice nor was he creating a reckless endangerment during the flight. As probation correctly noted in their addendum to the PSR, the evidence does not show that Ivan was the captain of the go-fast vessel. In fact, the evidence does not specifically name any one of the indicted defendants were driving the vessel. This identification would be essential when determining whether to apply this enhancement under §3C1.2. Accordingly, it would be incorrect to apply this enhancement since it is not supported by the evidence. Of note, the government is not seeking this enhancement, as she does not believe the burden of proof could be met.

3

**HISTORY AND CHARACTERISTICS OF THE DEFENDANT**

Under Title 18 U.S.C. § 3353(a)(1), a defendant's personal history and characteristics should be considered equally with the nature and circumstances of the offense. Ivan is 35 years old. He was born in San Blas, Mexico, a small fishing village. He was raised by his parents under very impoverished conditions. Ivan's father was the sole breadwinner, though his salary as a security officer barely provided enough food for the family of five. Ivan would go to bed without eating two or three times per week. As Ivan got older, he was forced to put his education on hold indefinitely, as his family needed the added income. Because of this, Ivan never finished high school. Ivan began fishing, his community's predominate way of life.

In San Blas, wealthy individuals own small boats, usually 18-20 foot lanchas equipped with a 60-horsepower motor. These lanchas are rented to the fishermen. Ivan's role as a fisherman meant he had to pay to borrow the small boat, pay for gasoline, provide his own fishing equipment and then share the proceeds of his daily catch with the boat owner. Ivan was a long-line fisherman, fishing far out at sea from 10pm until 10am. He would take home approximately 30-40% of his net catch. A portion of Ivan's catch would become his family's main sustenance for the day. However, fishing is unpredictable. Some days, a bounty was caught but still, Ivan would only pocket 40% of his catch. Other days, the weather prevented him from being out on the water. On those occasions, Ivan would try to find work any way he could, usually as a day laborer earning a limited salary.

Ivan could not work enough to get ahead. Multiple family members suffered from serious medical diseases that required frequent doctors' visits and costly medications. His house was in disrepair. Saving money was beyond aspirational. Ivan was working his body and mind to the bone, barely making enough to live day to day. Nevertheless, he tried.

Ivan worked tirelessly, applying his meager and varied income to not only support his elderly and infirm parents, but also his four children and ailing wife, Griselda. Ivan's 17-year-old son Carlos

4

has been forced to step up as head of house since Ivan's arrest. Carlos is a fisherman and now is the family's sole provider. Ivan's three other children live with their mothers. Ivan has a close relationship with his children and does provide for them as he is able.

Ivan married Griselda in December 2023. Griselda suffers from a heart condition, which prevents her from being employed outside the home. She requires daily medication and frequent doctors' visits, both of which are nearly cost prohibitive. The couple have been trying to start a family of their own. Shortly before Ivan's arrest, the couple learned they were expecting their first child together. However, in the passing weeks, Griselda miscarried. Ivan learned of this heartbreaking news while incarcerated.

Ivan lived with Griselda and Carlos in a small one-bedroom hut with dirt floors. Their home is constructed of thin wood planks and torn cardboard boxes, with sheet metal as a roof. There is no electricity, running water, or interior plumbing. The bathroom consists of a rudimentary outhouse. Their kitchen is a burner and two small plastic tables. Ivan does not own any vehicles. The attached photographs accurately show Ivan's home. This home was constructed in the past few years. In October 2018, Hurricane Willa, a category 3 hurricane, destroyed Ivan's prior home. Though his family evacuated to safety, all of their physical belongings were demolished.

Ivan's family in San Blas are close knit. Letters submitted to the Court describe his role as essential to everyone's success. Although employed, Ivan regretfully made the terrible decision to get involved in the instant conduct out of financial desperation. Additionally, his life circumstances make him an easy target for cartel members. His actions post-arrest show that he is remorseful for his conduct, understands the seriousness of the offense, and has accepted responsibility for his actions. Following his sentence, he will be deported to Mexico to reengage in the laboring community.

**CONCLUSION**

The Supreme Court emphasized that the Court's assessment of the appropriate sentence should be individualized, stating: "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113, 116 S. Ct. 2035, 135 L. Ed. 2d 392 (1996). Underlying this principle is that "the punishment should fit the offender and not merely the crime." *Williams*, 337 U.S., at 247, 69 S. Ct. 1079, 93 L. Ed.1337; *see also Pennsylvania ex rel. Sullivan v. Ashe*, 302 U.S. 51, 55, 58 S. Ct. 59, 82 L.Ed. 43 (1937).

Ivan acknowledges that he committed a serious offense which must be punished. He respectfully requests that the Court grant his objections to the PSR by calculating a minimal role adjustment, not applying an upward adjustment for obstruction of justice, and consider his personal history and characteristics. Under the 2025 guideline amendments, Ivan would qualify for the minimal role 4-level reduction for his role as a drug courier. Applying §2D1.1(a)(5) and §2D1.1(e)(2)(B), he would begin at a base offense of 30, receive a 4-level reduction for minimal role under §3B1.2(a), and a 3-level reduction for acceptance of responsibility for a total offense level of 23. Ivan is a criminal history category II, thus placing him in an advisory guideline range of 51 to 63 months incarceration. A sentence to the statutory mandatory minimum, which is 10 years imprisonment, is above his guideline range, almost double his prior sentence, yet is sufficient, but not greater than necessary to comply with the objectives of 18 U.S.C. § 3553(a)(1-6).

**WHEREFORE**, based upon the aforementioned factors, it is respectfully requested that the Court impose the 10 year mandatory minimum sentence.


Respectfully submitted,

/s/ Sarah Maya
SARAH MAYA, ESQ.
Florida Bar Number: 26547
Counsel for Ivan Castaneda-Ramirez

The Kreiss Law Firm
1824 SE 4th Avenue
Fort Lauderdale, Florida 33316
Tel 954-525-1971
skm@kreisslaw.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been furnished by CM/ ECF to all counsel of record on this 19th day of August, 2025.


/s/ Sarah Maya
SARAH MAYA, ESQ.

7





