UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-CR-20065-CMA

UNITED STATES OF AMERICA,

v.

DANIEL RODRIGUEZ-VINALAI,

Defendant.

## SENTENCING MEMORANDUM

Defendant, Daniel Rodriguez-Vinalai, submits this Sentencing Memorandum, in which he seeks to demonstrate to the Court that a sentence of no more than forty-three (43) months is sufficient to satisfy the sentencing imperatives set forth in 18 U.S.C. 3553(a). Mr. Rodriguez-Vinalai incorporates by reference his Objections to the Presentence Investigative Report [D.E. 141] and the Supplement to his Objections to the Presentence Investigative Report [D.E. 143].

Mr. Rodriguez-Vinalai is a twenty-five-year-old fisherman that made a poor and immature decision. There are strong mitigating factors that justify a sentence below the advisory guidelines range, including the nature and circumstances of the offense, Mr. Rodriguez-Vinalai's role in the offense, changes to the Federal Sentencing Guidelines, and recent policy changes at the Department of Justice.

## SECTION 3553(a) FACTORS

### *Personal History and Characteristics*

Mr. Rodriguez-Vinalai is twenty-five years old.  He left school after fourth grade to help support his family.  Because he had a fourth-grade education and lack of resources to leave his poor town in Mexico, he had limited options in terms of career choices.  As such, he became a fisherman.  He also learned how to be a welder.



### *The Nature and Circumstance of the Offense*

Mr. Rodriguez-Vinalai was recruited to act as a crewmember transporting drugs along the Mexican coast by another fisherman.  While the amount of cocaine that is involved here is substantial, Mr. Rodriguez-Vinalai had no idea how much cocaine he was transporting.  He didn't even know how much money he was going to make from the journey.  Mr. Rodriguez-Vinalai was recruited to assist in the journey as a crew member and nothing more.

When he accepted the job, Mr. Rodriguez-Vinalai knew that what he was doing was wrong and it could bring consequences.  However, he felt he needed the money to support himself and his family.

On January 23, 2025, Mr. Rodriguez-Vinalai was apprehended on a vessel by the United States Coast Guard off the coast of Mexico.  Mr. Rodriguez-Vinalai was a crew member on the vessel.  He did not have a supervisory role.

Upon arrest, Mr. Rodriguez swiftly accepted responsibility for his conduct and plead guilty in this case. Of course, these boat trips are designed so that the crew members have very little intelligence about the true operation and to protect the real kingpins.  Mr. Rodriguez-Vinalai provided the little information he knew, but not enough to cooperate in a meaningful manner.

### New Department of Justice Policies

As extensively briefed in the Sentencing Memorandum of Co-defendant, Cristian Anchundia Bravo, the Department of Justice recently changed its priorities and has abandoned prosecuting cases against defendants like Mr. Rodriguez-Vinalai. *See* [D.E. 158] at 2-5, Exhibit A and B[1].  In fact, this is the last "boat case" brought in the Southern District of Florida.  *See* [D.E. 158] at Exhibit B.

---

[1] To save the Court from repetitive arguments, Mr. Rodriguez-Vinalai, adopts by references the argument made in Cristian Anchundia Bravo's Sentencing Memorandum [D.E. 158]  at 2-5.

While Department of Justice policies are not binding on this Court, we ask the Court to consider the impact of this monumental change and how unfair it is to Mr. Rodriguez-Vinalai for being a few days too early.

*Variances are routinely given by this Court to similarly situated defendants*

| Case | Offense Level | Sentence |
|------|---------------|----------|
| *United States v. Jhonathan Alfonso*, Case No.21-cr-20306-Altonaga | 36 | 75 months |
| *United States v. Garcia Vega*, Case No. 21-cr-20360-Altonaga | 36 | 72 months |
| *United States v. Aguilar-Hurtado*, Case No. 22-cr-20050-Altonaga | 33 | 80 months |
| *United States v. Guerrero*, Case No. 23-cr-20163-Altonaga | 31 | 78 months |
| *United States v. Liriano-Mercado*, Case No, 23-cr-20385-Altonaga | 29 | 70 months |

As noted, variances in these types of cases are broadly given to defendants. While the Final PSI has not been disclosed, based on conversations with the government, undersigned counsel anticipates that the recommended Total Offense

Level will be 31, which results in a guideline range of 108 to 135.  A variance is appropriate.

<strong>SENTENCING GUIDELINES</strong>

A guidelines amendment that takes effect November 1, 2025, would have a great impact on the calculation of the guidelines if applied in this case.  Specifically, the amendment provides for an increased application of the minimal role adjustment in drug courier cases regardless of the quantity of drugs transported and the number of participants in the relevant conduct.  *See United States v. Maciel*, 2025 WL 1822905 *4 (S.D. Cal. June 30, 2025) ("The purpose behind the [2025] amendment is for courts to more frequently apply adjustments under 3B1.2 (minimal role) and grant defendants who are only couriers a 4-level reduction.").

The Commission's proposed amendments are as follows:

§2D1.1 (a) Base Offense Level (Apply the greatest): …

(5) the offense level specified in the Drug Quantity Table set forth in subsection (c), except that if (A) the defendant receives an adjustment under §3B1.2 (Mitigating Role); and (B) the base offense level under subsection (c) is (i) level 32, decrease by 2 levels; (ii) level 34, decrease by 3 levels; or (iii) above level 34, decrease to level 32.  If the resulting offense level is greater than level 30 and the defendant receives the 4- level reduction in §3B1.2(a), decrease to level 30.

Next, the Commission added a Special Instruction, which stated in part, as follows:
§2D1.1 (e) Special Instructions …
(2) Application of §3B1.2 (Mitigating Role) to §2D1.1 Cases
(A)Determine whether an adjustment under §3B1.2 (Mitigating
    Role) applies.

(B) In addition to the circumstances identified in §3B1.2, an adjustment under §3B1.2 is generally warranted if the defendant's primary function in the offense was performing a low-level trafficking function.

    (i)    An adjustment under §3B1.2(a) is generally warranted the defendant's primary function in the offense was plainly among the lowest level of drug trafficking functions, such as serving as a courier, running errands, sending or receiving phone calls or messages, or acting as a lookout; or …

For purposes of subsection (e)(2)(B), the provisions of §3B1.2 apply in determining whether a mitigating role adjustment is warranted, except that the adjustment shall apply regardless of whether the offense involved other participants in addition to the defendant, and regardless of whether the defendant was substantially less culpable than the average participant in the criminal activity. The extent of the adjustment shall be based on the totality of the circumstances and involves a determination that is heavily dependent upon the facts of the particular case.

(C) The mitigating role provisions at subsection (a)(5) and the 2-level reduction at subsection (b)(17) apply regardless of whether the defendant receives the required adjustment from §3B1.2 (Mitigating Role) by direct application of §3B1.2 or by use of the special instruction in subsection (e)(2)(B).

Again, Mr. Rodriguez-Vinalai is too early to benefit from this amendment. However, there is no reason why it should not be applied to his case. Application of the amendment now also avoids future litigation requesting that the amendment be retroactively applied.

If the Court is inclined to apply the amendment, Mr. Rodriguez-Vinalai's guidelines calculation would be as follows:

| Base Level Offense | 38 |
|---|---|
| Adjustment for Minor Role in the Offense under 3B1.2(a) | -4 |
| Base Level Offense | 34 before cap |
| New Base Level Offense under 2D1.1(a)(5)(A)(B) | 30 |
| Safety Valve 2D1.1(b)(18) | -2 |
| Acceptance of Responsibility 3E1.1 | -3 |
| Zero Point Offender 4C1.1 | -2 |
| Total Offense Level | 23 (46-51 months) |

## CONCLUSION

Given the Department of Justice's decision to no longer pursue these types of cases and the United States Sentencing Commission's amendments to the guidelines as applied to defendants in similar cases that go into effect in a few months, Mr. Rodriguez-Vinalai respectfully requests that the Court find that a sentence of not more than 43 months is reasonable and just.

Dated: August 19, 2025

Respectfully submitted,

By: */s/ Marissel Descalzo*
**Marissel Descalzo, Esq.**
Florida Bar No. 028850
md@DescalzoLaw.com
Descalzo Law P.A.
150 S.E. 2 Avenue, Suite 600
Miami, Florida 33131
Telephone: 305-489-1018
Facsimile:   305-489-3386
*Counsel for Daniel Rodriguez Vinalai*

## <u>CERTIFICATE OF SERVICE</u>

I CERTIFY THAT, on this 19th day of August, 2025 the foregoing was electronically transmitted via CM/ECF.

By: */s/  Marissel  Descalzo*
**Marissel Descalzo, Esq.**