UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-CR-20065 ALTONAGA

UNITED STATES OF AMERICA

      Plaintiff,

vs.

LUIS ALBERTO CASTANEDA-RAMIREZ,

      Defendant.

_____/

**SENTENCING MEMORANDUM**

Luis Alberto Castaneda-Ramirez, by and through undersigned counsel, respectfully files the following Sentencing Memorandum and requests that this Honorable Court consider the various 18 U.S.C. 3553(a) sentencing factors in fashioning "a sentence sufficient, but not greater than necessary" to comply with the need for just and adequate punishment.

1. The Presentence Investigation Report (PSI) currently establishes Castaneda-Ramirez' offense level at 35, with a criminal history category of I and a resulting guideline range of 168-210 months. However, the Government has filed a Motion confirming that Mr. Castaneda-Ramirez has satisfied the requirements of the Safety Valve and should receive a 2-point reduction in his offense level. The PSI and the addendum have not been updated with this information as of August 20th, 2025. Mr. Castaneda-Ramirez has filed Objections to the Presentence Investigation Report (D.E. 139). The objections proposed by Mr. Castaneda-Ramirez result in a criminal history of I with a guideline offense level of 23 and resulting guideline range of 46-57 months.  The

1

undersigned counsel incorporates the Objections and argument therein to this Sentencing Memorandum.

2. **History and Characteristics of Mr. Castaneda-Ramirez**

Mr. Castaneda-Ramirez is 34-year-old fisherman who has lived his entire life in Mexico.  He was raised in an intact family unit which he calls "tightknit."  His father is also a fisherman, and his mother is a homemaker.  His father however suffers from heart disease and his mother is diabetic.  He grew up and still lives with his mother and father in a 2 bedroom, 1 bath home. In 2021, he began a romantic relationship with Roxanna Guerrero Rivera who lives in Mexico with their 1-year-old son.  Sadly, his wife is disabled, lacking the ability to move her arms.  Mr. Castaneda-Ramirez himself suffers from HIV for which he is given daily medication by the medical staff at the FDC.  His wife and young son, whom he barely knows, need him emotionally and financially.  As a fisherman he was making subsistence wages of $160 a week which however kept his young family afloat.  This absence from his family has caused him great mental and emotional pain.  When he first arrived at FDC he had suicidal thoughts which fortunately have stopped in the intervening months. Mr. Castaneda-Ramirez completed the third grade and thus has no formal education and no professional licenses.

3. **Role.** Mr. Castaneda-Ramirez' role in this offense can only be described as the lowest level of involvement in a large drug smuggling conspiracy.  He was a crewman on a small go-fast vessel carrying 2,900 kilograms of cocaine.  He was recruited in Mexico for this operation precisely because he was a poor, desperate fisherman with a new family to take care of and feed.  He undertook an extremely long and dangerous

2

voyage on the open seas on a barely seaworthy boat for a few thousand dollars which he never received since the smuggling operation failed.  To sentence him based on the 2,900 kilograms of cocaine would result in an extremely disparate sentence since  the upper echelon conspirators involved would be sentenced based on the same amount of cocaine.

### Department of Justice Change in Policy

Apparently, the Department of Justice have come to view roles as performed by participants such as Mr. Castaneda-Ramirez as minor or minimal.  As the Court is aware the Department of Justice is no longer prosecuting cases against crewmen.  Mr. Castaneda-Ramirez adopts by reference co-defendant Cristian Anchundia Bravo's Sentencing Memorandum (D.E. 158) which effectively argues that it appears unjust for the sentencing disparity that would result simply because the crewmen in this case were arrested in January as opposed to February of this year.

### Conclusion

Mr. Castaneda-Ramirez respectfully requests that this Honorable Court grant him a downward variance below the low-end level of the guideline range the Court establishes at sentencing.

Respectfully submitted,

 /s/ Arnaldo Suri
Arnaldo J. Suri, Attorney
Florida Bar No. 445088
9745 SW 77TH ST
Miami, FL 33173
(305)785-8073
Email: Arnaldosuri@bellsouth.net