UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

     Plaintiff,                          CASE NO. 25-CR-20065-ALTONAGA

vs.

WILTER FREDDY MEJIA-PAMEZO

     Defendant.

_____/

**SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE AND DOWNWARD VARIANCE**

By and through the undersigned counsel, Wilter Freddy Mejia-Pamezo, the Defendant, also referred to as "Mr. Mejia-Pamezo", hereby files this Sentencing Memorandum and Motion for a downward variance of the guideline range pursuant to 18 U.S.C. § 3553(a).

**SUMMARY OF THE SENTENCING ARGUMENT**

Defendant, Wilter Media-Pamezo, moves this Court to impose a sentence of no more than forty-two (42) months in prison. Such a sentence is no longer than necessary to satisfy the statutory objectives set out in 18 U.S.C §. 3553(a).

- **The guideline calculations are incorrect as calculated by probation.**
- **Mr. Mejia-Pamezo is entitled to a four-level reduction for minor role, with a base offense level of 30 pursuant to amendments to §3B1.2 and §2D1.1, and Maciel.**
- **Mr. Mejia-Pamezo should not receive a two-level enhancement for obstruction.**
- **Mr. Mejia-Pamezo is entitled to a further two-level reduction because he qualifies for safety valve.**
- **The Court should vary downward to avoid unwarranted sentencing**

**disparities in light of its previous sentences in similar cases.**

- **The Court should vary downward further because of the new Department of Justice policy changes regarding the enforcement of "boat cases" against low-level couriers like Mr. Mejia-Pamezo.**

## I.        BACKGROUND and PERSONAL HISTORY OF WILTER MEJIA-PAMEZO

Wilter Mejia-Pamezo was born in the small coastal town of Pedernales, Ecuador, on June 3, 1972. Mr. Mejia-Pamezo was born into unfortunate circumstances, as many individuals who are arrested in "boat cases" are. He completed the sixth grade but dropped out because his parents could not afford tuition for further education. He lacks any discernible skill or career prospects. His only method of making a living is helping fisherman and boat captains as a helper at the port, often earning as little as $5 a day, sometimes nothing at all.

Mr. Mejia-Pamezo has two children, Freddy Mejia, aged 24, and Dayana Mejia, aged 23. He was in a common law marriage with his children's mother, Carmen Santillana, for fifteen years. For the last six years, he has been in a romantic relationship with Tatiana Borgor. Ms. Borgor's two children, Mr. Mejia-Pamezo and his elderly mother, all reside together in an impoverished home in Manta, Ecuador. The living conditions of Mr. Mejia-Pamezo and his family are those of basic necessities and bare survival. He was an easy target for narcotic traffickers to recruit.

[SPACE LEFT INTENTIONALLY BLACK]



Mr. Mejia-Pamezo's mother, Ms. Borger and her two children inside the family home in Manza, Ecuador



Ms. Borger's two step-children standing outside their home.

## II.    GUIDELINE CALCULATIONS

The guideline calculations put forth in the PSR are incorrectly stated. The undersigned adopts the arguments and proposed guideline calculations made by co-defendant Daniel Rodriguez-Vinalai in his sentencing memorandum. *See* [D.E. 160 at page 7]. [1] There is no need for a lengthy discussion on the same issue that my colleagues have already addressed with the Court. Mr. Mejia-Pamezo should have a base offense level of 30 before a 2-level reduction for the safety valve, a 2-level reduction for a zero-point offender, and a 3-level reduction for acceptance of

---

1 Wilter Mejia-Pamezo adopts the objections, arguments, and guideline calculations in the sentencing memorandums of codefendants Ivan Castaneda-Ramirez [D.E. 157], Christina Anchundia-Bravo [D.E. 158]., and Kleber Delgado-Mero [D.E. 159].

responsibility. Mr. Mejia-Pamezo, being a Criminal History Category I, should have a total offense level of 23 with a guideline range of 46 to 57 months.

### a.  Role Assessment

Mr. Mejia-Pamezo is entitled to a four-level mitigating role adjustment for his minimal role as a drug courier, pursuant to United States v. Maciel, 205 WL 1822905 (S.D. Cal. 2025), and the 2025 guideline amendments to §3B1.2 and §2D1.1. The reasons for this reduction have been discussed at length by the codefendants in their written submissions. Mr. Mejia-Pamezo joins in the reasoning and arguments made by counsel for the codefendants in docket entries 157-160.

The facts of this case are well known to the Court. Mr. Mejia-Pamezo is an impoverished Ecuadorian dock worker who was nothing more than a deck hand on the boat that was captured at sea by the Coast Guard. He served a low-level trafficking function. Even if the Court were to overrule the defendant's objection to the PSR in D.E. 135, Mr. Mejia-Pamezo moves the court to consider the Maciel opinion and new guidelines amendment as 3553(a) factors and award the four-level mitigating role reduction.

### b.  Obstruction of Justice

Mr. Mejia-Pamezo renews his objection to the 2-level enhancement recommended by probation in the PSR and adopts the reasoning and arguments made by counsel for the codefendants in docket entries 157 and 159. There is no need to bore the Court with the same authorities and reasons stated by my colleagues in their written submissions. Simply put, no evidence demonstrates that Mr. Mejia-Pamezo's conduct created any risk of death or serious bodily injury. Throwing bales of narcotics into the ocean, without any other information, doesn't amount to obstruction. Even the government is not seeking the enhancement that probation is recommending.

Page **4** of **8**

c.  Unwarranted Sentencing Disparities

As with the preceding paragraphs, Mr. Mejia-Pamezo adopts the arguments and reasoning of his codefendants in their sentencing memorandum, specifically that in docket entry 160 at page 4. This Court is well aware of the prior sentences it has imposed and its obligations under § 3553(a). There is no need to belabor this point. Mr. Mejia-Pamezo would like to point out, however, that the Court's prior downward variances were before the Maciel case and the 2025 guideline amendments to §3B1.2 and §2D1.1. Considering these new changes, a greater variance is warranted for Mr. Mejia-Pamezo and his similarly situated codefendants.

d.  New Department of Justice Policy

Mr. Mejia-Pamezo adopts the reasoning and arguments made by his codefendant's counsel in their sentencing memorandums, specifically that by Mr. Achundia-Bravo in DE 158 at page 3. The Department of Justice has taken the approach that low-level drug couriers like Mr. Mejia-Pamezo should be removed from the United States rather than the government bearing the time and resources associated with their criminal prosecutions. The Justice Department has decided that the juice is worth the squeeze in the continued enforcement of "boat cases" against low-level couriers like Mr. Mejia-Pamezo. The Court should consider this in its 3553(a) analysis and the proposed sentence of Mr. Mejia-Pamezo of 42 months.

III.  **MOTION FOR DOWNWARD DEPARTURE AND DOWNWARD VARIANCE**

The 18 U.S.C. § 3553(a) factors should be considered when determining an appropriate sentence for Wilter Mejia-Pamezo. The Sentencing Reform Act made the mandatory guidelines advisory. See United States v. Booker, 125 S. Ct. 738 (2005). The sentencing court considers the guideline range but is permitted to tailor the sentencing in light of other statutory concerns. *Id.*  18. U.S.C. § 3553(a) governs federal

sentencing and requires the court to "impose a sufficient sentence, but not greater than necessary, to comply with the purposes outlined in paragraph 2". Mr. Mejia-Pamezo is not bound by the statutory minimum mandatory as he qualified for safety valve

## IV.    BOOKER FACTORS

### a.  Nature and Circumstances of the Offense

Mr. Mejia Pamezo is an impoverished rural Ecuadorian man with no economic opportunities. His conduct as a deck hand on a ship, under the captain's command and within a much larger enterprise, was both dangerous and foolish. But Mr. Mejia-Pamezo, a man with little means and in need of eye surgery, was an easy target for the narco-traffickers. He desperately needed the money. And the narco-traffickers who recruited him knew that. This crime is serious, and Mr. Mejia-Pamezo must be punished. The requested sentence accomplishes the objectives of the guidelines and is not longer than necessary to promote respect for the law and serve as a deterrent.

However, as long as Americans crave illegal narcotics and the abject poverty that exists in South America continues, the supply will not stop, no matter how many low-level couriers like Mr. Mejia-Pamezo are arrested and incarcerated.

It is essential to note that no one died or was injured in this case. All offenders were apprehended, and the narcotics were destroyed. And as is usually the case in such cases as this, all defendants were among the poorest and most vulnerable in our hemisphere. They are the easiest people to recruit for these kinds of enterprises. The counties and governments have failed them. They are left without any real chance of success. And America's appetite for cocaine fuels the cartels that recruit them.

The Department of Justice has recognized that these offenders are of a low level and not worth the resources for prosecution. They have chosen to return people like Mr. Mejia-Pamezo to their home countries rather than bear the cost associated with prosecution, detention, and incarceration. The Court should consider this change by the Department of Justice in how it evaluates the nature and circumstances of this offense.

b.  <u>Wilter Mejia-Pamezo's History, Characteristics, and Supportive Family</u>

Mr. Mejia-Pamezo has very little in this world. A mere $50 to his name. He owns no property or any assets at all. He has a 6th-grade education and no discernible skills. But he has love. The love of his partner, his mother, his children, and his stepchildren. He has hope and his faith.



Wilter Mejia-Pamezo with his partner Tatiana Borgor.

Page **7** of **8**

USA v. Mejia-Pamezo
CASE NO. 25-CR-20065-Altonaga
Sentencing Memorandum

## VII.    REQUESTED SENTENCE

Based upon the foregoing facts and the § 3553(a) factors, the undersigned requests a sentence below the statutory guidelines. The undersigned requests that Mr. Mejia-Pamezo be sentenced to a period of incarceration not to exceed 42 months

..

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on or before August 21, 2025, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day via the Notice of Electronic Filing transmission generated by CM.ECF to: all counsels of record for the government and codefendants.

Respectfully Submitted,

**The Kirlew Law Firm, PLLC**
2103 Coral Way | Suite 401
Miami, FL 33145
Email:  brian@kirlewlawfirm.com
Tel: 305.521.0484 | Fax: 305.330.5436

By:_____

 Brian Kirlew, Esq.
 FL Bar No.: 0067218

Page **8** of **8**